IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRIAN M. GILLIONS ) <br> ) <br> <u>Serve</u>: 2614 Bastian Lane ) <br> Herndon, VA 20171 ) <br> ) <br> and ) <br> ) <br> CARLTON M. GREEN ) <br> ) <br> <u>Serve</u>: 7002 Wake Forest Drive ) <br> College Park, MD 20740 ) <br> ) <br> and ) <br> ) <br> MARION L. GREEN ) <br> ) <br> <u>Serve</u>: 7002 Wake Forest Drive ) <br> College Park, MD 20740 ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:20-cv-00894 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by counsel, pursuant to 28 U.S.C. §§ 2201 *et seq.* and Fed. R. Civ. P. 57, as its Complaint for Declaratory Judgment states the following:

**NATURE OF THE CASE**

1. This is an action for declaratory judgment in which State Farm seeks a determination of the rights, duties, status and other legal relations and obligations, if any, of the

parties hereto under a Homeowners Policy of insurance (Policy Number 46-B6-N036-6) (referred to hereafter as "the Policy") issued to Brian Gillions, insuring property located at 29284 Grizzard Road, Emporia, VA 23847 (referred to hereafter as "the Property"), which is situated in the County of Sussex, Virginia, in connection with Mr. Gillions' claim under the Policy for indemnity for damage to the Property arising from a fire loss that occurred on or about July 16, 2019.  A true and accurate copy of the Policy, including the policy declarations, forms and endorsements, is attached to this Complaint as **Exhibit 1**.  An actual, justiciable controversy exists among the parties regarding their respective rights, duties, status and other legal relations and obligations, if any, under the terms and conditions of the Policy.

2. Specifically, State Farm seeks a declaratory judgment as to whether it is obligated under the Policy to pay the Dwelling Extension coverage limit of $112,536 to Defendants, pursuant to an Appraisal Award dated September 29, 2020 (attached hereto as **Exhibit 2**).  State Farm agrees that it owes the amount of $7,972.63 ACV ($9,379.59 RCV) awarded by the Appraisal Award in the section labeled "Second Item: Dwelling Extension" under the Policy's Dwelling Extension Coverage.  The dispute in this case relates to the amount ($1,047,749.26 ACV / $1,173,748.77 RCV) awarded in the section of the Appraisal Award labeled "First Item: Dwelling and other structures".  Mr. Gillions asserts that in addition to the Policy's Dwelling coverage limit, State Farm owes the full Dwelling Extension coverage limit of $112,536 for the First Item of the Appraisal Award, based on the reference to "other structures".  However, State Farm's investigation reveals that there were no "other structures" at the Property damaged by this fire loss which would create an obligation to pay the Dwelling Extension coverage limit of $112,536 as demanded by Mr. Gillions.  Based on currently available information, an actual, justiciable controversy exists as to whether State Farm is obligated to pay the Dwelling Extension coverage limit for the First Item of the Appraisal Award.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity exists between the plaintiff and each defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically:

- <u>Diversity of citizenship</u>: State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois, and therefore a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1). Brian M. Gillions is a citizen of Virginia. Upon information and belief, Defendants Carlton and Marion Green are citizens of Maryland. Upon information and belief, none of the defendants is a citizen of Illinois.

- <u>Amount in controversy</u>: In connection with the subject fire loss, the Policy's Dwelling Limit is $808,384; the Policy's Increased Dwelling Limit is $161,676.80; and the Policy's Dwelling Extension Limit (if it applies) is $112,536. As outlined below, to date State Farm has made indemnity payments under Section I – Coverage A of the Policy in the total amount of $618,396.73 for the subject fire loss. By letter dated October 13, 2020, Mr. Gillions' (by counsel) asserted that "[t]he total amount due on the appraisal award is $541,976.72." **Exhibit 3** (10.13.2020 letter from C. Thomas Brown, at p. 2). State Farm determined that the total amount due for the appraisal award is $418,818.66." **Exhibit 4** (10.29.2020 letter from State Farm). By letter dated November 12, 2020, Mr. Gillions revised his demand and asserted that State Farm owes $526,817.98, including the full Dwelling Extension coverage limit of $112,536. **Exhibit 5** (11.12.2020 letter from C. Thomas Brown). Thus, the amount in controversy is $107,999.32 – the difference between the amount Mr. Gillions claims is owed under the Policy and the amount which State Farm has determined is owed under the Policy.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The Eastern District of Virginia, Richmond Division is a judicial district and division in which: (i) a substantial part of the events giving rise to this declaratory judgment action occurred; (ii) the Property which is the subject of this declaratory judgment action (29284 Grizzard Road, Emporia, VA 23847, located in Sussex County, Virginia) is situated; and (iii) all defendants are subject to the Court's personal jurisdiction with respect to this declaratory judgment action.

## PARTIES

5. Plaintiff State Farm Fire and Casualty Company ("State Farm") is an Illinois corporation with its principal place of business in Bloomington, Illinois, and a citizen of the State of Illinois. State Farm is licensed to do business as an insurance company and is doing business in the Commonwealth of Virginia. State Farm issued the Homeowners Policy of insurance (Policy Number 46-B6-N036-6) which is the subject of this action, insuring the Property. The Policy was issued and delivered to Defendant Brian M. Gillions in Virginia.

6. Defendant Brian M. Gillions ("Gillions") is an individual resident and citizen of the Commonwealth of Virginia. Gillions (along with Carlton Green and Marion Green) owns the Property which is insured under the Policy. Gillions is the named insured under the Policy.

7. Defendants Carlton Green and Marion Green ("the Greens") are individual residents and citizens of the State of Maryland. The Greens (along with Gillions) own the Property which is insured under the Policy. The Greens are listed as additional insureds under the Policy.

## FACTS

8. A fire loss occurred at the Property on or about July 16, 2019 ("the Loss").

9. Gillions notified State Farm of the Loss and made a claim under the Policy (State

Farm Claim Number 46-9671-M87) ("the Claim").

10. State Farm adjusted the Claim and made indemnity payments under Section I of the Policy totaling $756,825.20, including payments totaling $618,396.73 under Coverage A and payments totaling $136,672.12 under Coverage B.

11. Gillions demanded that the amount of the Loss be set by appraisal.

12. By letter dated March 19, 2020, State Farm agreed to participate in the appraisal process, while reserving its right to disclaim coverage for any and all items of loss or damage which might be included in the appraisal award for which there is no coverage under the terms and conditions of the Policy. **Exhibit 6** (3.19.2020 letter from State Farm to C. Thomas Brown).

13. On September 29, 2020, the umpire selected by the parties' respective appraisers (William Abato) issued the Appraisal Award filed herewith as **Exhibit 2.**

14. By letter dated October 13, 2020, Gillions (by counsel) demanded payment and asserted that "[t]he total amount due on the appraisal award is $541,976.72." **Exhibit 3** (10.13.2020 letter from C. Thomas Brown, at p. 2).

15. By letter dated October 29, 2020, State Farm responded and informed Gillions' counsel that based on State Farm's calculations, the total amount owed under the Policy for the Appraisal Award is $418,818.66. **Exhibit 4** (10.29.2020 letter from State Farm).

16. By letter dated October 30, 2020, Gillions (by counsel) disputed State Farm's calculations, threatened to file litigation against State Farm, and further threatened to "file a complaint with the Bureau of Insurance requesting them to suspend State Farm's ability to write insurance …" **Exhibit 7** (10.30.2020 letter from C. Thomas Brown, at p. 2).

17. By letter dated November 12, 2020, Mr. Gillions revised his demand for payment and asserted that State Farm owes $526,817.98, including the full Dwelling Extension coverage limit of $112,536. **Exhibit 5** (11.12.2020 letter from C. Thomas Brown).

18.     There is an actual, justiciable controversy among the parties as to whether State Farm is obligated to pay the full Dwelling Extension coverage limit of $112,536 in connection with the portion of the Appraisal Award designated "First Item:  Dwelling and other structures."

## COUNT I
### (Request For Declaratory Relief)

19.     The allegations set forth in paragraphs 1 through 18 above are hereby re-alleged and incorporated by reference as if fully set forth herein.

20.     With respect to Dwelling Extension coverage under Section I, Coverage A of the Policy, the Policy provides in part as follows:

> **Dwelling Extension.**  We cover other structures on the residence premises, separated from the dwelling by clear space.  Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.

(**Exhibit 1**, Homeowners Policy Endorsement FE-3539 at p. 1 of 4.)

21.     The Policy "insure[s] for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I – LOSSES NOT INSURED." (**Exhibit 1**, Homeowners Policy Form FP-7155.5, Section I – Losses Insured, at p. 6.)

22.     The Appraisal Award was limited to setting the *amount* of the loss.  *See* Va. Code § 38.2-2105(A) (providing for appraisal "[i]n case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss").  The Appraisal Award does not resolve the distinct issues of coverage and liability. *See HHC Assocs. v. Assurance Co. of Am.*, 256 F.Supp.2d 505, 511 (E.D. Va. 2003) (holding that "a reading of the plain language of [Va. Code § 38.2-2105] compels the conclusion that the provision is triggered only when the parties disagree as to the amount of loss, not the existence of coverage", and noting that "in cases from other states involving appraisal provisions found in insurance contracts with the same or similar language as Virginia Code § 38.2-2105, the courts have found consistently that whether coverage

was properly denied is a legal issue reserved for the court alone" (citations omitted)).

23.     Upon information and belief, the First Item of the Appraisal Award only set the amount of the loss for the Dwelling.  Although the First Item was confusingly labeled (or mis-labeled) "Dwelling *and other structures*", upon information and belief the First Item did not include, nor did it set the amount of the loss for, any "other structures on the residence premises, separated from the dwelling by clear space" within the meaning of the Policy's Dwelling Extension coverage part.  Consequently, the Policy does not provide Dwelling Extension coverage for the amount of loss set by the First Item of the Appraisal Award which, upon information and belief, was limited in scope to the Dwelling.

24.     The Second Item of the Appraisal Award specifically set the amount of loss for the "Dwelling Extension" at $7,972.63 ACV ($9,379.59 RCV).  State Farm agrees that the Policy's Dwelling Extension coverage applies to the amount of loss set by the Second Item of the Appraisal Award.

25.     State Farm maintains that the covered portion of the Appraisal Award requires an additional payment under Section I of the Policy in the amount of $418,818.66, as outlined in State Farm's letter dated October 29, 2020.  *See* **Exhibit 4**.  Gillions, on the other hand, maintains that the Appraisal Award requires State Farm to pay the sum of $526,817.98, including the full Dwelling Extension coverage limit of $112,536 due to the Appraisal Award's reference to "other structures" in the "First Item".  Gillions has threatened to initiate litigation and file a complaint with the Virginia Bureau of Insurance if State Farm does not pay the sum of $526,817.98, including the full Dwelling Extension coverage limit of $112,536.

26.     An actual, justiciable controversy exists as to whether the First Item of the Appraisal Award obligates State Farm to extend coverage under the Policy's Dwelling Extension Coverage part.

27. An actual, justiciable controversy exists as to whether State Farm owes the full Dwelling Extension coverage limit of $112,536 for the amount of loss set by the First Item of the Appraisal Award.

## PRAYER FOR RELIEF

WHEREFORE, State Farm Fire and Casualty Company prays that this Honorable Court grant State Farm declaratory relief and enter an Order which:

(a) declares the rights, duties, status and other legal relations and obligations, if any, of the parties under Section I of the State Farm Homeowners Policy;

(b) determines whether the First Item of the Appraisal Award obligates State Farm to extend coverage under the Policy's Dwelling Extension Coverage part;

(c) determines whether State Farm owes the full Dwelling Extension coverage limit of $112,536 for the amount of loss set by the First Item of the Appraisal Award;

(d) declares that the covered portion of the Appraisal Award requires a payment under the Policy in the amount of $418,818.66, and that upon payment of said sum State Farm shall have no further Coverage A indemnity obligation under Section I of the Policy; and

(e) grants State Farm its costs incurred in this action.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY

By: */s/ Alexander S. de Witt*
Alexander S. de Witt, Esq. (VSB 42708)
FREEBORN & PETERS LLP
901 East Byrd Street, Suite 950
Richmond, Virginia 23219
Phone: (804) 644-1300
Direct: (804) 799-7790
Fax: (804) 644-1354
Email: adewitt@freeborn.com